**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OAKLEY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-4995 |
| | ) | |
| v. | ) | |
| | ) | |
| LIGHTINTHEBOX HOLDING CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff Oakley, Inc. ("Oakley") hereby brings the present action against LightInTheBox

Holding Co., Ltd. ("Defendant" or "LITB") and alleges as follows:

**I. JURISDICTION AND VENUE**

1.       This Court has original subject matter jurisdiction over the claims in this action

pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a) and

(b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise

under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law

claims are so related to the federal claims that they form part of the same case or controversy and

derive from a common nucleus of operative facts.

2.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may

properly exercise personal jurisdiction over Defendant since the Defendant directly targets

business activities toward consumers in Illinois and causes harm to Oakley's business within this

Judicial District.  Defendant has targeted sales from Illinois residents by operating a fully

interactive and commercial website that offers to sell and has sold counterfeit Oakley products to

residents of Illinois. The Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Oakley substantial injury in the State of Illinois.

## II. INTRODUCTION

3.      This action has been filed by Oakley to address Defendant's selling and offering for sale of unlicensed and counterfeit products featuring Oakley's trademarks (the "Counterfeit Oakley Products") through Defendant's website lightinthebox.com. Oakley seeks to address Defendant's counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing low-quality Counterfeit Oakley Products over the Internet. Oakley has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4.      Plaintiff Oakley, Inc. is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.      Plaintiff Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A., a publicly traded company.

6.      Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Oakley Products have become enormously popular and even iconic, driven by Oakley's arduous quality

standards and innovative design. Among the purchasing public, genuine Oakley Products are instantly recognizable as such. In the United States and around the world, the Oakley brand has come to symbolize high quality, and Oakley Products are among the most recognizable eyewear, headwear, footwear, outerwear, jackets and apparel in the world.

7.     Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official oakley.com website which was launched in 1995, and Oakley O Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

8.     Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products. As a result of its long-standing use, Oakley owns common law trademark rights in its various trademarks. Oakley has also registered its trademarks with the United States Patent and Trademark Office. Oakley Products typically include at least one of Oakley's registered trademarks. Oakley uses its trademarks in connection with the marketing of its Oakley Products, including, but not limited to, the following marks which are collectively referred to as the "OAKLEY Trademarks."

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,151,994 | O | 9 Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories | October 03, 2006 |  |

| 1,984,501 | O | 9, 25 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories; clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps | July 2, 1996 |  |
|---|---|---|---|---|

9.      The above registrations for the OAKLEY Trademarks are valid, subsisting, in full force and effect, and are incontestable pursuant to 15 U.S.C. § 1065.  The OAKLEY Trademarks have been used exclusively and continuously by Oakley since at least as early as 1993, and have never been abandoned.  Attached hereto as **Exhibit 1** are true and correct copies of the trademark registration certificates for the OAKLEY Trademarks included in the above table.

10.      The OAKLEY Trademarks are exclusive to Oakley, and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials.  Oakley Products have long been among the most popular eyewear in the world and have been extensively promoted and advertised at great expense.  In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring the OAKLEY Trademarks.  Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items.  Because of these and other factors, the Oakley name and the OAKLEY Trademarks have become famous throughout the world.

11.     The OAKLEY Trademarks are distinctive when applied to the Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards.  Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing its trademarks are manufactured to the highest quality standards.  The OAKLEY Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks.  As such, the goodwill associated with the OAKLEY Trademarks is of incalculable and inestimable value to Oakley.

12.     Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at oakley.com.  Sales of Oakley Products via the oakley.com website represent a significant portion of Oakley's business.  The oakley.com website features proprietary content, images and designs exclusive to Oakley.

13.     Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the OAKLEY Trademarks.  As a result, products bearing the OAKLEY Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley.  Oakley is a multi-million dollar operation, and Oakley Products have become among the most popular of their kind in the world.

**The Defendant**

14.     Upon information and belief, Defendant LightInTheBox Holding Co., Ltd. is a corporation organized and existing under the laws of the Cayman Islands, and headquartered in Beijing, China.

15.     Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of its fully interactive

5

commercial website lightinthebox.com. Defendant targets the United States, including Illinois residents and has offered to sell, and has sold Counterfeit Oakley Products to consumers within the State of Illinois though its lightinthebox.com website.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

16.     Defendant operates a fully interactive commercial website located at lightinthebox.com.

17.     Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its website at lightinthebox.com bearing logos and source-identifying indicia and design elements that are studied imitations of the Oakley Trademarks ("Counterfeit Oakley Products").

18.     An Oakley investigator visited the Defendant's website at lightinthebox.com and purchased Counterfeit Oakley Products.

19.     The purchased Counterfeit Oakley Products were shipped to the State of Illinois.

20.     The purchased Counterfeit Oakley Products were inspected by the Oakley investigator who determined that each product was counterfeit and infringed the OAKLEY Trademarks.

21.　　A comparison of Oakley's genuine Holbrook™ sunglasses with a Counterfeit Oakley Product offered for sale on lightinthebox.com exemplifies Defendant's counterfeiting of U.S. Trademark Registration No. 3,151,994 for a stylized "O" owned by Oakley.



| **Oakley's Holbrook™ Sunglasses** | **LITB's Counterfeit Oakley Product** |

22.　　A comparison of Oakley's genuine Quarter Jacket™ sunglasses with a Counterfeit Oakley Product offered for sale on lightinthebox.com exemplifies Defendant's counterfeiting of U.S. Trademark Registration No. 1,984,501 for a stylized "O" owned by Oakley.



| **Oakley's Quarter Jacket™ sunglasses** | **LITB's Counterfeit Oakley Product** |

23.     Upon information and belief, Defendant is well aware of the extraordinary fame and strength of the OAKLEY Trademarks and the goodwill associated therewith.

24.     Defendant, without any authorization, license, or other permission from Oakley, has used the OAKLEY Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Oakley Products into the United States and Illinois over the Internet.

25.     Defendant's use of counterfeits of the OAKLEY Trademarks in the advertisement, distribution, offering for sale, and sale of Counterfeit Oakley Products was willful.

26.     Defendant's willful use of counterfeits of the OAKLEY Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Oakley Products, including the sale of Counterfeit Oakley Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Oakley.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

27.     Oakley re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 26.

28.     This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeits of the registered OAKLEY Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The OAKLEY Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Oakley Products sold or marketed under the OAKLEY Trademarks.

29.     Defendant has sold, offered to sell, marketed, distributed and advertised products bearing counterfeits of the OAKLEY Trademarks without Oakley's permission.

30.     Upon information and belief, Defendant has knowledge of Oakley's rights in the OAKLEY Trademarks and is willfully infringing and intentionally using counterfeits of the OAKLEY Trademarks.  Defendant's willful, intentional and unauthorized use of the OAKLEY Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Oakley Products among the general public.

31.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32.     Oakley has no adequate remedy at law, and if Defendant's actions are not enjoined, Oakley will continue to suffer irreparable harm to its reputation and the goodwill of its well-known OAKLEY Trademarks.

33.     The injuries and damages sustained by Oakley have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Oakley Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

34.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33.

35.     Defendant's promotion, marketing, offering for sale, and sale of Counterfeit Oakley Products has created a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Oakley or the origin, sponsorship, or approval of Defendant's Counterfeit Oakley Products by Oakley.

9

36.     By using the OAKLEY Trademarks on the Counterfeit Oakley Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Oakley Products.

37.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Oakley Products to the general public is a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

38.     Oakley has no adequate remedy at law and, if Defendant's actions are not enjoined, Oakley will continue to suffer irreparable harm to its reputation and the goodwill of its Oakley brand.

## COUNT III
## FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

39.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40.     This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

41.     The products sold by Oakley under the OAKLEY Trademarks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

42.     Oakley's products sold under the OAKLEY Trademarks, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as high quality products, which are sold under excellent merchandising and customer service conditions.  As a result, the OAKLEY Trademarks, and the goodwill associated therewith, are of great value to Oakley.

43.     By virtue of the wide renown acquired by the OAKLEY Trademarks, coupled with the national and international distribution and extensive sale of various products distributed under the OAKLEY Trademarks, each of the OAKLEY Trademarks is famous, and became so prior to Defendant's acts complained of herein.

44.     Defendant's unauthorized commercial use of the OAKLEY Trademarks in connection with the advertisement, offering for sale and sale of Defendant's eyewear products has caused and is likely to continue to cause dilution of the distinctive quality of the famous OAKLEY Trademarks.

45.     Defendant's acts are likely to tarnish, injure, or trade upon Oakley's business, reputation, or goodwill, and to deprive Oakley of the ability to control the use of its OAKLEY Trademarks and quality of products associated therewith.

46.     Oakley is informed and believes, and on that basis alleges, that Defendant's dilution has been willful and deliberate.

47.     By reason of the aforesaid acts constituting trademark dilution, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, et seq.)

48.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 47.

49.     Defendant has engaged in acts violating Illinois law including, but not limited to, passing off their products as those of Oakley, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or

misunderstanding as to an affiliation, connection, or association with genuine Oakley Products, representing that their products have Oakley's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

50.     The foregoing Defendant's acts constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

51.     Oakley has no adequate remedy at law, and Defendant's conduct has caused Oakley to suffer damage to its reputation and goodwill.  Unless enjoined by the Court, Oakley will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Oakley prays for judgment against Defendant as follows:

1) That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

    a.  using the OAKLEY Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Oakley Product or is not authorized by Oakley to be sold in connection with the OAKLEY Trademarks;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley Product or any other product produced by Oakley, that is not Oakley's or not produced under the authorization, control or supervision of Oakley and approved by Oakley for sale under the OAKLEY Trademarks;

    c.   committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Oakley, or are sponsored by, approved by, or otherwise connected with Oakley;

    d.   further infringing the OAKLEY Trademarks and damaging Oakley's goodwill;

    e.   otherwise competing unfairly with Oakley in any manner; and

    f.   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Oakley, nor authorized by Oakley to be sold or offered for sale, and which bear any Oakley trademark, including the OAKLEY Trademarks, or any reproduction, counterfeit copy or colorable imitation thereof;

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Oakley a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, a through f, supra;

3) That Defendant account for and pay to Oakley all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the OAKLEY Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) That Oakley be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of $2,000,000.00 (two million dollars) for each and every use of the OAKLEY Trademarks;

5) That Oakley be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 1st day of July 2014.       Respectfully submitted,


   /s/ Justin R. Gaudio         
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net

*Counsel for Plaintiff Oakley, Inc.*